UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-09124 DMG (SHx)** | Date | March 9, 2012 |
|---|---|---|---|

| Title | *Yai Minh Tang v. JPMorgan Chase Bank N.A., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION SHOULD NOT BE DISMISSED AND THIS ACTION REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On September 28, 2011, Plaintiff Yai Minh Tang filed a complaint in Los Angeles County Superior Court against Defendants JPMorgan Chase Bank, Bank of America, National Association, and Does 1 through 50, raising nineteen causes of action under federal and state law related to the foreclosure sale of Plaintiff's home.  (Notice of Removal, Ex. A [Doc. # 1].)  JPMorgan removed the action to this Court on November 3, 2011 on the basis of federal question jurisdiction.  *See* 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Plaintiff filed the operative first amended complaint on January 3, 2012 [Doc. # 18].  The first amended complaint raises only state law causes of action.  (*See, e.g.*, 1st Am. Compl. ¶ 7 ("[N]o federal claim is presently alleged herein . . . .").)  As this Court has no reason to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, *see* 28 U.S.C. § 1367(c)(3), it is inclined to remand this action to state court.

Nonetheless, remand would be pointless if there is an alternate basis for subject matter jurisdiction because Defendants could immediately re-remove the case.  Plaintiff's first amended complaint names for the first time several additional defendants, including the Federal Deposit Insurance Corporation ("FDIC").  Pursuant to 12 U.S.C. § 1819(b)(2)(A), any case that involves the FDIC in any capacity "shall be deemed to arise under the laws of the United States."  Thus, the FDIC's presence in this suit vests the Court with subject matter jurisdiction.

More than 60 days have elapsed since Plaintiff served JPMorgan with a copy of the first amended complaint, however, and the FDIC has not yet entered an appearance.  If Plaintiff does not intend to serve the FDIC, then she should so inform the Court, in which case the FDIC will

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-09124 DMG (SHx)** | Date | March 9, 2012 |
| Title | *Yai Minh Tang v. JPMorgan Chase Bank N.A., et al.* | Page | 2 of 2 |

be dismissed without prejudice and this action will be remanded to Los Angeles County Superior Court.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why Defendant FDIC should not be dismissed from this action.  Plaintiff may discharge this Order by filing either a proof of service on the FDIC or a notice of dismissal of the FDIC.  Plaintiff shall file her response by no later than **March 23, 2012**.

**IT IS SO ORDERED.**