JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-09124 DMG (SHx)** | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Yai Minh Tang v. JPMorgan Chase Bank N.A., et al.* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On March 20, 2012, Plaintiff filed a notice of dismissal of Defendant Federal Deposit Insurance Corporation ("FDIC") pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) [Doc. # 23]. Because the FDIC is no longer a party to this action and Plaintiff has abandoned her federal claims, federal question subject matter jurisdiction no longer exists in this case. (*See* Mar. 9, 2012 Order to Show Cause at 1 [Doc. # 22].) Therefore, the Court must determine whether to exercise supplemental jurisdiction over the remaining state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

In considering whether to exercise supplemental jurisdiction, a court should weigh factors such as "judicial economy, convenience, fairness, and comity," which, "[i]n the usual case in which all federal-law claims are eliminated before trial . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)) (internal quotation marks omitted).

This litigation is at an early juncture, having not progressed beyond the pleadings stage. Neither the parties nor the Court has invested significant time litigating and adjudicating, respectively, Plaintiff's state law claims. Moreover, a federal court has no interest in exercising jurisdiction over state tort and contract claims concerning real property whereas California courts have a strong interest in determining claims arising under state law. Accordingly, in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3). As there is no other basis for subject matter jurisdiction, remand is necessary. *See* 28 U.S.C. § 1447(c).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-09124 DMG (SHx)** | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Yai Minh Tang v. JPMorgan Chase Bank N.A., et al.* | Page | 2 of 2 |

      In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court.  Defendant JPMorgan Chase Bank N.A.'s January 6, 2012 motion to dismiss [Doc. # 16] is **DENIED** as moot.

**IT IS SO ORDERED.**